UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUST BORN, INC.<br><br>    Plaintiff,<br><br>v.<br><br>BAKERY, CONFECTIONARY, TOBACCO WORKERS AND GRAIN MILLERS INTERNATIONAL UNION, LOCAL 6, AFL-CIO<br><br>    Defendant | Civil Action No. 02-CV-2626 |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT
BAKERY, CONFECTIONARY, TOBACCO WORKERS AND GRAIN MILLERS
INTERNATIONAL UNION, LOCAL 6**

Defendant, Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, Local 6 ("Local 6" or "the Union") hereby answers the Complaint filed in the above-captioned case, and asserts a Counterclaim against Just Born, Inc. ("Just Born" or "the Company") to enforce the April 5, 2002 Opinion and Award ("Simpkins Award") entered by Arbitrator John Paul Simpkins in AAA Case No. 14 300 01301 01.

**I.    ANSWER**

   1.    Admitted.

   2.    Admitted.

   3.    Admitted.

   4.    Admitted in part; denied in part.  It is admitted that Just Born and Local 6 are parties to a collective bargaining agreement, and that this action involves Just

Born's breach of the July 1, 1999 collective bargaining agreement ("CBA") with Local 6, by its discharge Local 6 bargaining unit member Paul Dannenhower.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted in part; denied in part. The EEO Policy referenced in this paragraph is a writing that speaks for itself, and any characterizations inconsistent with its terms are denied.

    8.    Admitted in part; denied in part. Local 6 admits that the EEO Policy applies to its bargaining unit members, and denies the remaining allegations in paragraph 8.

    9.    Admitted in part; denied in part. Local 6 admits that Paul Dannenhower was a manufacturing employee and within its bargaining unit, and denies the remaining allegations in paragraph 9.

    10.    Admitted in part; denied in part. Local 6 admits that Paul Dannenhower received a one-day suspension in November 1999 for conduct directed at a non-employee in Just Born's cafeteria. Local 6 denies the remaining allegations in paragraph 10.

    11.    Admitted in part; denied in part. Local 6 admits that on June 22, 2000, Dannenhower engaged in a consensual conversation with a female co-worker on the subject of breast-feeding, and denies the remaining allegations in paragraph 11.

    12.    Admitted in part; denied in part. Local 6 admits that during the June 22, 2000 conversation Dannenhower informed the female employee that it was possible for

her to share her breast milk with her husband, and denies the remaining allegations in paragraph 12.

13. Admitted in part; denied in part. Local 6 admits that the female employee's response was "that's disgusting"; that Dannenhower attempted to explain himself; that the female employee said "that's disgusting" again; and that Dannenhower pursued no further discussion on the subject. Local 6 denies the remaining allegations in paragraph 13.

14. Admitted in part; denied in part. Local 6 admits that the female employee did not lodge a complaint until weeks after the June 22, 2000 incident, and denies the remaining allegations in paragraph 14.

15. Admitted in part; denied in part. Local 6 admits that the female employee did not lodge a complaint until weeks after the June 22, 2000 incident, and denies the remaining allegations in paragraph 15.

16. Admitted.

17. Admitted in part; denied in part. Local 6 admits that when questioned by his employer Paul Dannenhower did not deny his involvement in a conversation with a female employee about breast-feeding, and that he attempted to explain this conduct to the Company. Local 6 denies the remaining allegations in paragraph 17.

18. Admitted in part; denied in part. Local 6 admits that Just Born discharged Paul Dannenhower, and denies the remaining allegations in paragraph 18.

19. Admitted.

20. Admitted in part; denied in part. Local 6 admits that at the arbitration hearing the female employee had the opportunity to testify before the arbitrator, and denies the remaining allegations in paragraph 20.

21. Admitted in part. Local 6 admits that the arbitrator rendered his Award and Opinion ("Simpkins Award") on April 5, 2002. Local 6 lacks sufficient information to respond to the remaining allegations in paragraph 21.

22. Denied. The Simpkins Award referenced in this paragraph is a writing that speaks for itself, and any characterizations inconsistent with its terms are denied.

23. Denied. The Simpkins Award referenced in this paragraph (and each subpart) is a writing that speaks for itself, and any characterizations inconsistent with its terms are denied.

24. Denied. The Simpkins Award referenced in this paragraph is a writing that speaks for itself, and any characterizations inconsistent with its terms are denied.

25. Admitted.

26. Denied.

27. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a further response is required, the allegations in this paragraph are denied.

28. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a further response is required, the allegations in this paragraph are denied.

29. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a further response is required, the allegations in this paragraph are denied.

30. Denied.

31. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a further response is required, the allegations in this paragraph are denied.

32. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a further response is required, the allegations in this paragraph are denied.

**WHEREFORE**, Defendant Local 6 respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety and that all costs in this matter be assessed to Plaintiff, including Defendant's reasonable attorneys' fees, and that the Court grant such other relief as it deems just and proper.

II. **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

3. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

4. Plaintiff's claims are barred because the Simpkins Award draws its essence from the applicable collective bargaining agreement, and must be confirmed.

5. Plaintiff's claims are barred because the Simpkins Award is consonant

with federal labor policy, and must be confirmed.

**WHEREFORE**, Defendant Local 6 demands judgment in its favor and against the Plaintiff, together with interest attorneys' fees, costs and such other relief as this Honorable Court deems just and proper.

### III.    COUNTERCLAIM

1. Defendant, Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, Local 6, an unincorporated association with offices at 5416 Rising Sun Avenue, Philadelphia, Pa  19120, is a labor organization within the meaning of the National Labor Relations Act, as amended, 29 U.S.C. § 152(5).

2. At all times material to this proceeding, Local 6 was and is recognized as the collective bargaining agent for a bargaining unit of production, maintenance, sanitation and shipping/ receiving employees at Just Born's Bethlehem, Pennsylvania facility.

3. Plaintiff, Just Born, Inc., is a Pennsylvania corporation and is regarded as an employer under the National Labor Relations Act, as amended, 29 U.S.C. § 152(2).

4. This Court has jurisdiction over this civil action pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185.  Venue is proper in this Court because the events giving rise to this Counterclaim occurred in this judicial district and Plaintiff's duly authorized officers and agents are engaged in the operation of Just Born's Bethlehem, Pennsylvania facility in this district.

5.     Local 6 and Just Born are parties to a collective bargaining agreement ("CBA"), which is effective by its terms July 1, 1999 through June 30, 2003.

6.     Article XIX of the CBA (Settlement of Grievances and Arbitration) provides for final and binding arbitration of disputes between the Union and Just Born. (A copy of Article XIX of the CBA is attached as Exhibit A.)

7.     On July 20, 2000, Just Born discharged ten-year employee Paul Dannenhower.

8.     On July 28, 2000, pursuant to Article XIX of the CBA, Local 6 filed a grievance on Mr. Dannenhower's behalf. The Union contended that the discharge was without just cause, and requested that Dannenhower be reinstated and made whole.

9.     Arbitrator John Paul Simpkins was appointed to hear the grievance.

10.     On December 13, 2001, the parties conducted an arbitration hearing before Arbitrator Simpkins, at which time the parties asked the Arbitrator to determine whether Paul Dannenhower was discharged without just cause and, if so, what the remedy should be.

11.     At the December 2001 arbitration hearing, both Local 6 and Just Born offered testimony and other evidence on the propriety of Dannenhower's dismissal.

12.     On April 5, 2002, Arbitrator Simpkins issued an Award and Opinion ("Simpkins Award") in which he sustained the Union's grievance and ordered that Dannenhower be reinstated with back pay. (Simpkins Award, at 16.)(A copy of the Simpkins Award is attached as Exhibit B.)

13.     Pursuant to Article XIX of the CBA, "the award of the arbitrator shall be final and binding on the parties . . ." (CBA, Art. XIX at 34.)

14. Just Born has refused to comply with the Simpkins Award and reinstate Mr. Dannenhower.

**WHEREFORE**, Local 6 respectfully requests that this Court enter judgment for the Defendant and against Just Born, confirming and enforcing the Simpkins Award. Local 6 also requests that this Court take the following action:

(a) order Plaintiff to take the actions required by the Simpkins Award, including the reinstatement of Paul Dannenhower with back wages, plus interest since the date of the Simpkins Award;

(b) award Defendant's reasonable costs and attorneys' fees; and

(c) award such other relief as the Court may deem just and proper.

Respectfully submitted,

**WILLIG, WILLIAMS & DAVIDSON**

By: _____
RICHARD G. POULSON, ESQUIRE
Attorney I.D. Number 80843
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103   (215) 656-3600

Dated: July 1, 2002

Attorneys for Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, Local 6, AFL-CIO

## CERTIFICATE OF SERVICE

I, Richard G. Poulson, hereby certify that I have this day sent a copy of the Answer, Affirmative Defenses and Counterclaim of Defendant Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, Local 6, in the foregoing matter to the counsel listed below, by first class mail, postage prepaid:

>Robert M. Goldich, Esquire
>Wolf, Block, Schorr and Solis-Cohen LLP
>1650 Arch Street, 22nd Floor
>Philadelphia, PA 19103-2097

_____
RICHARD G. POULSON, ESQUIRE

Dated: July 3, 2002